[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Paul Lockwood, was the Town Sanitarian and his duties included reviewing engineering designs for septic systems, issuing permits for construction and inspecting installation of septic systems. On September 25, 1979, Lockwood performed soil percolation tests required by the local sanitary code and the state Public Health Code for the septic system location on the subject property. On June 5, he approved an application for construction of the septic system and issued a permit. On the same date, the Building Inspector issued a building permit. The septic system was installed in November, 1980 and was inspected by Lockwood on November 24, 1980. A certificate of occupancy was issued by the Building Inspector on January 17, 1981. On February 23, 1988, the plaintiffs were informed that the septic system was failing, and a written notice was sent to them on March 2, 1988. The plaintiffs gave notice to the Town of their intention to bring suit against it and several town employees on July 8, 1988.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits CT Page 1933 and other proofs submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279. The test on whether a summary judgment should be granted, namely, that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same criteria as are used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, 208 Conn. 606, 616; Booth v. Flanagan, 23 Conn. App. 579,585.
While the plaintiffs rely upon section 7-465 of the General Statutes, it does not create liability on the part of the municipal officials or the Town. In order to recover under the statute, the plaintiff must first prove breach of duty by a municipal employee to the individual injured. Wu v. Fairfield, 204 Conn. 435, 438; Sestito v. Groton,178 Conn. 520, 527, 528. This, in turn, requires consideration of whether the municipal official was engaged in a governmental function and whether the facts of the case place it under one of the exceptions to the governmental immunity rule. Section 7-465 of the General Statutes is an indemnity statute requiring, in proper cases, the municipality to pay sums which the municipal employee is required to pay for liability imposed upon him for conduct while acting within the scope of his municipal employment. Ahern v. New Haven,190 Conn. 77, 81, 82; Wu v. Fairfield, supra, 438. Moreover, in order to recover against the municipality, the plaintiff must show compliance with the notice requirements in section 7-465 of the General Statutes. Section 7-101a of the General Statutes is also an indemnification statute which has similar considerations, limitations and notice provisions. See Ahern v. New Haven, supra; Orticelli v. Powers, 197 Conn. 9.
It is clear that supervision by the Town Sanitarian of installation of septic systems is a governmental function. Evon v. Andrews, 211 Conn. 501, 506; Trautlein v. Lockwood, Docket No. 29 54 08, Superior Court at Danbury, November 23, 1988. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Brown v. Branford, 12 Conn. App. 106,110; Gauvin v. New Haven, 187 Conn. 180, 184. Whatever duties exist on the part of municipalities and their CT Page 1934 officials concerning inspection or approval of septic systems is a duty imposed upon them by law in their capacity as municipal officials under applicable provisions of the public health code, other statutes and ordinances. This function is not imposed upon all municipal officials, but only the municipal Health Director or the Sanitarian, or similar person performing those functions under the supervision and control of the Health Director. With these considerations in mind, the non-liability of the other municipal officials here is readily apparent. The Board of Selectmen do not have the function of installing, inspecting or approving septic systems, and at most have general supervisory duties over other municipal officials and employees. The Building Inspector is not involved in approval of septic systems, since that function is given to the Health Director or the Sanitarian. The plaintiffs have not alleged any facts which indicate any involvement of the Building Inspector in approval of the defective septic system on the subject property. It is apparent from paragraphs 9 and 15 of the complaint that Lockwood was given the duty to review engineering designs for septic systems, issue permits for construction of them and to inspect them for conformity with applicable codes, and that it was Lockwood who approved the septic system on the subject property on November 24, 1980. Lockwood and the other municipal employees are protected by governmental immunity unless their conduct amounts to misperformance of a ministerial act. Evon v. Andrews, supra, 505. The plaintiffs have produced no evidence that the past or present Health Directors or Deputy Health Directors of the Town incorrectly performed any ministerial acts. Aside from Lockwood, if the directed verdict test for a summary judgment is applied, all of the other municipal officials either were not involved in approval of the defective septic system or are protected by the doctrine of governmental immunity for discretionary acts.
The plaintiffs contend that approval of the installation of a septic system, even though it may be a governmental function, is to some extent ministerial because it involves measuring distances as required by the Public Health Code and similar non-discretionary tasks. While inspection of installation of a septic system is basically a discretionary governmental function, there may be some aspects of it which are ministerial. There is inadequate evidence at this time to resolve that question, whether any ministerial functions were performed by Lockwood and whether the failure to perform them properly is the cause of failure of the septic system. To the extent that the septic failure resulted from mistakes by Lockwood in performance of discretionary acts, he is protected by governmental immunity. CT Page 1935
Even though Lockwood may be liable to the plaintiffs, the municipality itself is not liable. Sanzone v. Board of Police Commissioners, 219 Conn. 179, 193. In order for a plaintiff to recover against the municipality under section 7-465 of the General Statutes, the notice requirements in it must be strictly complied with. Ahern v. New Haven, supra, 81; Fraser v. Henninger, 173 Conn. 52, 56. See also Norwich v. Silverberg, 200 Conn. 367, 372, 375 (construing a similar provision under section 7-101a of the General Statutes).
The complaint here alleges approval of the septic system on November 24, 1980, and issuance of the certificate of occupancy on January 17, 1981. The plaintiffs did not give notice to the defendants of their intention to bring suit against the municipal defendants until July 8, 1988, well beyond the six month time limit in section 7-465 of the General Statutes, and did not bring suit within two years after their cause of action arose in 1980. The Town has no liability to the plaintiffs either directly or by way of indemnification of its municipal officials.
The motion for summary judgment is denied as to the defendant, Paul Lockwood. The motion for summary judgment on the first count of the complaint is granted as to the Town of New Fairfield and all the other municipal officials.
ROBERT A. FULLER, JUDGE