[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action is against the Town of New Fairfield, its former sanitarian, other Town employees and officials, and other persons and corporations not connected with the Town, for damages resulting from the malfunction of a septic system installed on the plaintiffs' property in May, 1985. The Town of New Fairfield and its employees and officials have filed a motion for summary judgment on the first count of the complaint, which alleges negligent breach of statutory duties on the part of the Town, its employees and officials. For simplicity, they are hereafter referred to as the "municipal defendants," and can be divided into two categories, the Town of New Fairfield (Town), and the other municipal officials. The other municipal officials include the past and present Health Directors of the Town, the past and present Sanitarian of the Town, the Building Inspector and past and present members of the Board of Selectmen. CT Page 2051
The municipal defendants claim that governmental immunity bars liability on their part as a matter of law. Neither party has filed affidavits or other documentary proof in support of or in opposition to the motion. The status of the municipal defendants, the dates of applications and approvals alleged in the first count of the complaint are not challenged and do not present questions of material fact. It is undisputed that there was a failure of the septic system on the plaintiffs' property, but the cause of the failure is a material factual question, although not one essential for the disposition of this motion.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proofs submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279. The test on whether a summary judgment should be granted, namely, that the moving party must be entitled to judgment as a matter of law, is resolved by applying to the established facts the same criteria as are used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, 208 Conn. 606, 616; Booth v. Flanagan, 23 Conn. App. 579,585.
According to the complaint, the defendant, Paul Lockwood, the Sanitarian, approved installation of the septic system on May 30, 1985, and a building permit was issued by the defendant, Bjelko, on June 4, 1985. The septic system was reinspected by Lockwood on October 25, 1985 after some civil engineers, who were not municipal officials, inspected the septic system and submitted "as built" drawings on October 9, 1985, stating it had been installed in conformity with state and local sanitary codes and the Public Health Code. Bjelko also issued a certificate of occupancy on October 25, 1985. The plaintiffs received a written notice of failure of the septic system March 15, 1988. They gave notice to the Town of their intention to bring suit against it and the municipal officials on September 7, 1988.
Whether or not governmental immunity exists for conduct of a municipality, its officers and employees, is a question of law. Gordon v. Bridgeport Housing Authority, CT Page 2052208 Conn. 161, 170; Shore v. Stonington, 187 Conn. 147,153; Brown v. Branford, 12 Conn. App. 106, 111. At common law, municipal officers were liable for their own torts, but the municipality was not vicariously liable for them. Sanzone v. Board of Police Commissioners, 219 Conn. 179,193. The municipal officials are employees of the defendant Town, which is a municipal corporation. A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. Evon v. Andrews,211 Conn. 501, 505; Fraser v. Henninger, 173 Conn. 52, 60. A ministerial act is a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, supra, 505; Wright v. Brown, 167 Conn. 464, 471; Gauvin v. New Haven, 187 Conn. 180,184. Where municipal officers are engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity, subject to three exceptions: (1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Evon v. Andrews, supra, 505. In order for the first exception to apply and give the plaintiff a cause of action, it must be shown that he was both (1) a readily identifiable victim, and (2) subject to imminent harm. Shore v. Stonington, supra, 154; Evon v. Andrews, supra, 508.
The second and third to qualified immunity exceptions do not apply. There is no statute specifically providing for a cause of action against the municipality or its officials for failure to enforce municipal codes governing installation of septic systems. Section 7-465 of the General Statutes does not create liability on the part of the municipal officials or the Town. In order to recover under the statute, the plaintiff must first prove breach of duty by a municipal employee to the individual injured. Wu v. Fairfield, 204 Conn. 435, 438; Sestito v. Groton,178 Conn. 520, 527, 528. This in turn requires consideration of whether the municipal official was engaged in a governmental function and whether the facts of the case place it under one of the exceptions to the governmental immunity rule. Section 7-465 of the General Statutes is an indemnity statute requiring, in proper cases, the municipality to pay sums which the municipal employee is required to pay for liability imposed upon him for conduct while acting within the scope of his municipal employment. Ahern v. New Haven, 190 Conn. 77, CT Page 2053 81, 82; Wu v. Fairfield, supra, 438. Moreover, in order to recover against the municipality, the plaintiff must show compliance with the notice requirements in section 7-465
of the General Statutes. Section 7-101a of the General Statutes is also an indemnification statute which has similar considerations, limitations and notice provisions. See Ahern v. New Haven, supra; Orticelli v. Powers, 197 Conn. 9.
It is clear that supervision by the Town Sanitarian of installation of septic systems is a governmental function. Evon v. Andrews, supra, 506; Trautlein v. Lockwood, No. 29 54 08, Superior Court at Danbury, November 23, 1988. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Brown v. Branford, supra, 110; Gauvin v. New Haven, supra, 184. Whatever duties exist on the part of municipalities and their officials concerning inspection or approval of septic systems are imposed upon them by law in their capacity as municipal officials under applicable provisions of the Public Health Code, other statutes and ordinances. This function is not imposed upon all municipal officials, but only the municipal Health Director or the Sanitarian or similar person performing those functions under the supervision and control of the Health Director. With these considerations in mind, the non-liability of the other municipal officials here is readily apparent. The Board of Selectmen do not have the function of installing, inspecting or approving septic systems, and at most have general supervisory duties over municipal officials and employees. The Building Inspector is not involved in approval of septic systems, since that function is given to the Health Director or the Sanitarian. The plaintiffs have not alleged any facts which indicate any involvement of the Building Inspector in approval of the defective septic system on the subject property. It is apparent from paragraphs 9 and 15 of the complaint that Lockwood was given the duty to review engineering designs for septic systems, issue permits for construction of them and to inspect them for conformity with applicable codes and that it was Lockwood who approved the septic system on the subject property on October 25, 1985. As previously discussed, Lockwood and the others, as municipal employees, are protected by governmental immunity unless their conduct amounts to misperformance of a ministerial act. Evon v. Andrews, supra, 505. The plaintiffs have produced no evidence that the past or present Health Directors or Deputy Health Directors of the Town incorrectly performed any ministerial acts. Aside from Lockwood, if the directed verdict test is applied, all of the other municipal officials either were not involved in approval of the defective septic system or are protected by CT Page 2054 the doctrine of governmental immunity for discretionary acts.
The plaintiffs contend that approval of the installation of a septic system, even though it may be a governmental function, is to some extent ministerial because it involves measuring distances as required by the Public Health Code and similar non-discretionary tasks. While inspection of installation of a septic system is basically a discretionary governmental function, there may be some aspects of it which are ministerial. There is inadequate evidence at this time to resolve that question, whether any ministerial functions were performed by Lockwood and whether the failure to perform them properly is the cause of failure of the septic system. To the extent that the septic failure resulted from mistakes by Lockwood in performance of discretionary acts, he is protected by governmental immunity, but they cannot be separated out without more evidence.
Even though Lockwood may be liable to the plaintiffs, the municipality itself is not liable. Sanzone v. Board of Police Commissioners, supra, 193. In order for a plaintiff to recover against the municipality under section 7-465 of the General Statutes under the concept of indemnity, the notice requirements in it must be strictly complied with. Ahern v. New Haven, supra, 81; Fraser v. Henninger, supra, 56. See also Norwich v. Silverberg, 200 Conn. 367,372, 375 (construing a similar provision under section 7-101a
of the General Statutes).
The complaint here alleges approval of the septic system on May 30, 1985 and issuance of the certificate of occupancy on October 25, 1985. The plaintiffs did not give notice to the defendants of their intention to bring suit against the municipal defendants until September 7, 1988, well beyond the six month time limit in section 7-465 of the General Statutes, and did not bring suit within two years after their cause of action arose in 1985. The Town has no liability to the plaintiffs either directly or by way of indemnification of its municipal officials.
Except for Lockwood, there is no liability under the facts of this case for any of the municipal defendants who are protected by governmental immunity as a matter of law.
The motion for summary judgment is denied as to the defendant, Paul Lockwood. The motion for summary judgment on the first count of the complaint is granted as to the Town of New Fairfield and all the other municipal officials.
ROBERT A. FULLER, JUDGE CT Page 2055