WEI PING WU, ADMINISTRATOR (ESTATE OF JANET WU) *v.* TOWN OF FAIRFIELD ET AL.
(13124)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued June 3—decision released July 21, 1987

*Thomas L. Nadeau,* for the appellant (plaintiff).

*Paul E. Pollock,* for the appellees (defendant Aurelie LaPoint et al.).

COVELLO, J. Following the drowning of a fifteen year old girl, Janet Wu, the plaintiff, administrator of her estate, brought this wrongful death action under General Statutes § 7-465[1] against the town of Fairfield and various municipal employees. In his complaint, the plaintiff alleged that a public swimming area owned and operated by the town constituted a nuisance. He further alleged that the town and several of its employees were negligent in the performance of their duties. A jury returned a verdict for the defendants. The plaintiff then filed a motion to set aside the verdict as to the defendant lifeguards, which motion was denied.

On appeal, the plaintiff contends that: (1) the trial court's charge to the jury erroneously perpetuated a distinction between ministerial and discretionary governmental functions when the legislature had abrogated such a distinction by the enactment of General Statutes § 7-465; (2) even if such a distinction survives, the trial court's charge as to that issue was erroneous, unclear and incomplete; and (3) the trial court incorrectly assigned to the plaintiff the burden of disproving the defense of governmental immunity. The defendants advance on appeal two alternate grounds upon which the judgment may be affirmed; see Practice Book

---

[1] General Statutes § 7-465 provides in pertinent part: "(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . ."

§ 4013; first, that General Statutes § 52-557g renders the defendant lifeguards and the town immune from liability and, second, that the plaintiff failed at trial to prove proximate cause, a necessary element of his negligence claim. Because we agree with the defendants that the plaintiff failed to establish the essential element of proximate cause, we affirm the jury's verdict and do not reach the other claims.

The jury could reasonably have found the following facts. On August 6, 1977, the plaintiff's decedent, Janet Wu, went to Lake Mohegan with her mother and two brothers for an afternoon of swimming. Lake Mohegan is a fresh water lake and beach owned and operated by the town of Fairfield as a recreational swimming facility.

On the day of the decedent's death, twenty to thirty swimmers were in the water and four lifeguards were on duty. A buoy line, positioned where the water was approximately three and one-half to four and one-half feet deep, marked the shallow water area. Farther out, a series of unconnected buoys formed the outer limit of the permitted swimming area.

The defendants in this appeal are two municipal employees, lifeguard Aurelie LaPoint and beach captain Gary Burdett. They observed the decedent as a poor swimmer and twice on the day in question warned her to return to the shallow water area after she had ventured beyond the inner buoy line. The last time the defendants saw the decedent, she was standing just inside the inner buoy line in waist-deep water. Shortly thereafter, an approaching storm prompted the lifeguards to ask the swimmers to clear the water. When the decedent did not appear on shore, the lifeguards launched a search of the water. One lifeguard found the body near the base of an underwater slope beyond the shallow water buoy line but within the permitted

swimming area. Approximately fifteen to thirty minutes elapsed between the last time the lifeguards saw the decedent and the drowning. The last person known to be with the decedent, her brother Frank Wu, did not testify at the trial, although he was available.

The plaintiff instituted this negligence action pursuant to General Statutes § 7-465, which establishes municipal liability for certain acts of employees. "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the *employee's* duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original.) *Sestito* v. *Groton,* 178 Conn. 520, 527, 423 A.2d 165 (1979). "This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of *individual negligence."* (Emphasis added.) Id., 528. Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual.

An essential element of any negligence action is the establishment of the defendant's conduct as a proximate cause of the plaintiff's injury. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 4, 444 A.2d 211 (1982); W. Prosser & W. Keeton, Torts (5th Ed.) § 41, p. 263. "The causal relation between the defendant's wrongful conduct and the plaintiff's injuries must be established in order for the plaintiff to recover damages." *Vetre* v. *Keene,* 181 Conn. 136, 139, 434 A.2d 327 (1980). "In Connecticut, the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries." *Nelson* v. *Steffens,* 170 Conn. 356, 363, 365 A.2d 1174 (1976) (*Bogdanski, J.,* dissenting); see also *Hearl* v. *Waterbury YMCA,* supra. Further, it is the plaintiff who bears the burden "to prove an

unbroken sequence of events that tied his injuries to the [defendants' conduct]." *Boehm* v. *Kish,* 201 Conn. 385, 392, 517 A.2d 624 (1986); see also W. Prosser & W. Keeton, supra, p. 269. " 'The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection.' " *Peterson* v. *Oxford,* 189 Conn. 740, 749, 459 A.2d 100 (1983). This causal connection must be based upon more than conjecture and surmise. *Vetre* v. *Keene,* supra, 140–41.

In the present case, the trial court submitted interrogatories to the jury which were to accompany their verdict. According to the jury's answers to these interrogatories, the jury found that three of the four nonlifeguard defendants had breached their duties of care but that such breach was not the proximate cause of the decedent's death.[2] These defendants are not parties to this appeal. As to the defendant lifeguards who are parties to this appeal, the jury responded that they had not breached any duty of care. The jury, therefore, did not reach the issue of proximate cause as to these defendants. We agree, however, with the defendants that the plaintiff did not present sufficient evidence that any breach of duty on the lifeguards' part was the proximate cause of the death. Accordingly, even if we were to find error on any of the issues raised by the plaintiff, we would still have to affirm the jury's verdict based on the plaintiff's failure to establish an essential element of his negligence claim.

At trial, the plaintiff introduced no evidence to show what caused the decedent to slip below the water's surface. When the defendant lifeguards last saw the decedent, she was standing safely within the inner buoy line

---

[2] The four nonlifeguard defendants were the town's acting director of health, director of recreation, shoreline director, and assistant shoreline director.

in waist-deep water. She was found dead at the bottom of the lake after the water had been cleared of swimmers due to the oncoming storm. Neither of the defendant lifeguards witnessed the drowning, nor was there evidence to suggest that anyone else did. Although the plaintiff produced one expert witness who testified that an observable struggle generally accompanies drowning, the plaintiff presented no evidence that the decedent manifested any recognizable or observable difficulty. The decedent's brother, Frank Wu, was the last person known to be with her. He did not testify at the trial, however, although he was available. "[A]ny one of a number of factual possibilities may explain the actual cause of [an] accident." *Boehm* v. *Kish,* supra, 392. While it is undisputed that the decedent drowned, there was no evidence tying any negligence on the defendant lifeguards' part to her death. "[O]nly speculation and conjecture could link the plaintiff's injuries to the conduct of the defendants." Id. As in *Boehm,* "the evidence at most supports an inference that an accident has [occurred during the defendants' supervision], not that one was produced by the other. The plaintiff has provided no definite basis in the facts from which to draw the latter conclusion." Id., 393.

Here, the plaintiff presented no evidence other than that the victim perished in an unwitnessed drowning. The plaintiff failed to establish an unbroken sequence of events causally flowing from the defendant lifeguards' arguably negligent supervision to the decedent's drowning. We therefore conclude that the jury's verdict was one they could fairly and reasonably have reached. "On review of an allegedly inadequate verdict the Supreme Court decides only whether, on evidence presented, the jury could fairly reach the conclusion they did . . . ." *Vetre* v. *Keene,* supra, 141. In light of our view of the jury's verdict we decline to set it aside.

The establishment of proximate cause is an essential element of a negligence claim and the parties recognize that if proximate cause is lacking, the plaintiff cannot prevail. Because of our conclusion regarding the establishment of proximate cause in this case, we need not consider the plaintiff's three claims of error. "Even if we were to have concluded that the trial court based its judgment on erroneous grounds, we would properly affirm the judgment 'if the same result is required by law.' " *Pepe* v. *New Britain,* 203 Conn. 281, 292, 524 A.2d 629 (1987), quoting *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 443, 430 A.2d 25 (1980); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978).

There is no error.

In this opinion the other justices concurred.