[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE (110)
The plaintiff Mark Ludwin alleges that the defendant Hunter's Meriden Ambulance and its agents or employees negligently failed to secure his wheelchair in the ambulance that was transporting him to Gaylord Hospital. The driver then caused the ambulance to move abruptly which in turn caused the vehicle to lurch forward and Mark Ludwin to fall from his wheelchair onto another wheelchair in the same ambulance. It is alleged that as a result of this occurrence the plaintiff Mark Ludwin sustained serious physical and emotional injuries. The third count of the complaint alleges that the plaintiff Donna Ludwin, wife of Mark Ludwin, was forced to perform heavy physical work in caring for her husband as a result of the injuries he sustained in the CT Page 5920 above-described incident. The complaint further alleges that as a result of the heavy physical activity required to carry and position her husband, the plaintiff Donna Ludwin has suffered muscle and back injuries.
The defendant moves to strike count three on the grounds that under the facts alleged it cannot be found that the defendant's negligence was the proximate cause of Donna Ludwin's injuries.
A motion to strike must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491 (1987). "An essential element of any negligence action is the establishment of the defendant's conduct as a proximate cause of the plaintiff's injury . . . In Connecticut, the test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries . . . it is the plaintiff who bears the burden `to prove an unbroken sequence of events that tied his injuries to the [defendant's conduct].'" Wu v. Fairfield,204 Conn. 435, 438-39 (1987). "The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection." Id. at 439 quoting Peterson v. Oxford, 189 Conn. 740, 749 (1983).
Conclusions of proximate cause are to be drawn by the jury rather than the court. Doe v. Manheimer, 212 Conn. 748, 757
(1989). Conclusions concerning the issue of proximate cause become conclusions of law "only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact." Id. at 757.
When viewed in the light most favorable to the plaintiff, there is room for reasonable disagreement on the issue of whether the defendant's negligence was the proximate cause of the plaintiff Donna Ludwin's injuries. Therefore, the issue of proximate cause becomes a question of fact. See Id. Such a question of fact cannot properly be decided on a motion to strike.
Accordingly, it is concluded that the motion to strike should be denied.
Dorsey, J.