[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CT Page 5999
The plaintiff instituted the present action seeking to recover damages for personal injuries allegedly sustained when he operated his bicycle off the paved surface roadway, and was propelled into a culvert surrounded by a stone cement structure hidden from view. The First Count of the complaint alleges negligence on the part of works director of City of Norwalk; the Second Count alleges liability on the part of the City of Norwalk pursuant to General Statutes 7-465 which provides for the payment of the municipality of all sums which an employee may be obligated to pay; and the Third Count alleges the maintenance of nuisance by the City of Norwalk. The Fourth Count alleged breach of statutory duty under the Municipal Highway Statute, General Statutes 13a-149, but that count has been withdrawn.
The defendant has moved to strike the First and Second Counts on the grounds that Director of Public Works is protected by the doctrine of governmental immunity, and therefore cannot be responsible under the first count and the town cannot be responsible under the Second Count which, by its nature, depends upon a finding of liability on the part of the individual employee citing Wu v. Fairfield, 204 Conn. 435, 438 (1987). The defendants have also moved to strike the Third Count on the grounds that a nuisance liability cannot be imposed upon the town by virtue of the provisions of General Statutes 52-557a which provides that no cause of action shall be maintained by a person who is injured by means of a defective road or bridge except pursuant to the provisions of the municipal highway statute.
The First and Second Counts allege, personal negligence on the part of the Director of Public Works. Accordingly, evidence would be admissible if such negligence would be admissible under the pleadings. Whether the acts complained of are governmental or ministerial depends upon the nature of the acts and therefore present a factual question. Gauvin v. New Haven, 187 Conn. 180,186 (1982). Accordingly, on a Motion to Strike it is not appropriate to determine the nature of the personal acts of negligence alleged, nor is it appropriate to determine whether they are ministerial or governmental in nature. Accordingly, it is not appropriate to grant the Motion to Strike the First and Second Counts of the complaint.
With respect to the Third Count of the complaint, if the facts alleged do not constitute a "defective road or bridge" within the meaning of General Statutes 13a-149, then the defect would not be within the prescription set forth in General Statutes 52-557n.
Accordingly, the Motion to Strike the First, Second and Third CT Page 6000 Counts is denied. The Fourth Count of the complaint has been withdrawn and accordingly, there is no need for the court to take action with respect to that count.
RUSH, J.