[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is a motion for summary judgment filed by the City of New Haven.
On June 19, 1992, the plaintiff, Angela Warren, filed a second revised complaint against the defendants, Jalmor H. Streater, the City of New Haven and the New Haven Police Department[1], alleging negligence as to each defendant and an indemnification claim as to CT Page 225-J the City of New Haven. The plaintiff's revised complaint alleges the following facts. On October 1, 1988, the plaintiff was a passenger in a motor vehicle owned and operated by Ulrick S. Haynes. While parked in his vehicle at a stop sign, Haynes was caused to edge his vehicle into the intersection due to the obstruction of his view by a police van parked at the same intersection. At that time, Haynes' vehicle was struck by a motor vehicle owned and operated by defendant Jalmor H. Streater, allegedly causing injury to the plaintiff. The plaintiff gave notice to the City of New Haven "as required by statute" and pursuant to § 7-465 of the General Statutes.
On September 9, 1994, the City of New Haven filed a motion for summary judgment accompanied by a supporting memorandum of law, a copy of the plaintiff's revised complaint, the plaintiff's legal notice to the City of New Haven, an accident report for the subject incident and the affidavit of Captain Leonard Gallo. On October 7, 1994, the plaintiff filed an objection to the defendants' motion for summary judgment accompanied by a supporting memorandum of law.
"In ruling on a motion for summary judgment, the court's CT Page 225-K function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500. Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, quoting Practice Book § 384.
The moving party "`has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . and he is given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein, supra,201 Conn. 39, 49. "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont PlasticsCorp., supra, 105-06. "`A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and CT Page 225-L which would require a directed verdict for the moving party.'"Whitney Avenue Corp. v. Heritage Canal Development Associates,33 Conn. App. 563, 566, quoting Batick v. Seymour, 186 Conn. 632, 647.
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v. Rubenstein,201 Conn. 39, 49.
The defendants claim that the plaintiff's statutory indemnification claim pursuant to General Statutes § 7-465 should fail because both the plaintiff's revised complaint and the legal notice to the city fail to identify an individual who may be liable. In the alternative, the defendants claim that the City of New Haven is immune from liability pursuant to General Statutes § 52-557n (a)(2)(B). This court agrees with each of these two claims by the City of New Haven.
The plaintiff argues that her complaint does not bring an CT Page 225-M indemnification action pursuant to General Statutes § 7-465, but rather, brings an action directly against the City of New Haven and the New Haven Police Department pursuant to General Statutes § 52-557n.
General Statutes § 7-465(a) states, in pertinent part, that "[a]ny town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damage to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting within the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any willful or wanton act of such employee in the discharge of such duty."
"[Section 7-465] . . . indemnifies municipal employee's who, acting in the scope of their employment, become obligated to pay damages for injury to person or property." Sestito v. Groton,178 Conn. 520, 527. "A plaintiff bringing suit under General Statutes CT Page 225-N § 7-465 first must allege in a separate count and prove theemployee's duty to the individual injured and the breach thereof." (Emphasis in original.) Wu v. Fairfield, 204 Conn. 435, 438. "Only then may the plaintiff go on to allege and prove the town's liability by indemnification." Id. "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated upon prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Id.
The plaintiff's allegations against the movant are based on General Statutes § 7-465, under the second, third and fourth counts. Although the second and third counts of the plaintiff's second revised complaint state the generic phrase "as required by statute," when alleging that notice was given, the plaintiff's first revised complaint specifically alleged that notice was given pursuant to § 7-465. In the absence of a contrary explanation by the plaintiff, it is reasonable to infer that the statute referred to in these counts, as revised, is § 7-465. The fourth count of the plaintiff's second revised complaint states, in pertinent part: "By virtue of the provisions of Section 7-465 of the General CT Page 225-O Statutes, the defendant municipality, THE CITY OF NEW HAVEN, is required to pay all sums which the agent, servant and/or employee of THE CITY OF NEW HAVEN, is obligated to pay by reason of liability imposed upon them by law for damages to persons or property . . . ."
The Plaintiff's revised complaint fails to identify an individual who may be found liable for purposes of indemnification by the City of New Haven. The notice of the plaintiff's injuries provided to the city by the plaintiff fails to mention an individual who may be found liable for purposes of indemnification by the city of New Haven. Based on the allegations in the complaint, the municipality cannot, as a matter of law, be found liable on a theory of indemnification under § 7-465 because the municipal employee who may be indemnified is not a party and no judgment has previously been entered against such employee. Compare, Cuomo v. YNH Hospital, 7 Conn. L. Rptr., No. 6, 159 (August 31, 1992); Conn. Resources Recovery Auth., v. RefuseGardens, Inc., 6 Conn. L. Rptr. 221; Farmers Mechanics Bank v.Nellis, 8 Conn. L. Rptr. No. 4, 105; 85 ALR3d § 2, 134.
General Statutes § 52-557n (a)(2)(B) states, in pertinent CT Page 225-P part: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"It is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 180. "The deployment of police officers is a discretionary governmental action as a matter of law." Id.
In the present case, the defendants' motion for summary judgement is supported by the affidavit of Captain Leonard Gallo of the New Haven Department of Police Services. This affidavit states that the subject police van was deployed by police officers in an effort to detect and arrest criminal felons, drug dealers and drug users. The complaint does not allege violation of any ministerial act in the City carrying out its governmental function; nor does the complaint allege any exception for discretionary acts. This CT Page 225-Q activity constitutes a discretionary governmental action. The municipality cannot, as a matter of law, be found liable because the municipality is immune from liability pursuant to General Statute § 52-557n (a)(2)(B).
There is no issue of material fact.
Accordingly, the defendants' motion for summary judgment is granted.
Ronald J. Fracasse, Judge