[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE #117
This action arises from the alleged exposure and contamination of the plaintiffs and their property to asbestos. The plaintiffs, Karl N. Robinson and Cheryl L. Deschenes, filed an amended complaint on May 24, 1994, against the defendant, the Town of Westbrook (Town), setting forth five counts alleging causes of action for strict liability, negligence, breach of contract, fraud, and indemnification, respectively.
Each count of the amended complaint alleges the following facts. The Town, through its Board of Education, controls the operation of the Daisy Ingrahm School in Westbrook. Consequently, the Town was aware that the school contained items that were contaminated with asbestos. With this knowledge, the Town removed a composite fire door from the school and sold it to the plaintiffs for consideration, yet failed to warn the plaintiffs that the fire door could contain asbestos. Around October 12, 1991, the plaintiffs cut the fire door to fit the dimensions of a doorway in their house. When the plaintiffs cut the fire door, the door released asbestos, and both the plaintiffs and their property were exposed and contaminated.
Thereafter, the plaintiffs notified the Town that the fire door released asbestos, and the Town agreed to abate the asbestos contamination. The Town, however, failed to abate the asbestos contamination. Consequently, the plaintiffs instituted a program to assess and abate the asbestos contamination of their property and notified the Town pursuant to Connecticut General statutes § 7-465 that they intended to sue the Town for the damages caused by the asbestos contamination. Each count alleges that the Town violated federal and state law in one or more of the following manners: (1) the Town permitted material containing CT Page 2493 asbestos, that was under its control, to remain unidentified; (2) the Town failed to remove the fire door in a safe manner; (3) the Town failed to maintain an Operations Maintenance Plan that identified all, asbestos containing material; (4) the Town failed to supervise the removal and disposal of the asbestos containing fire door from its school; and, (5) the Town failed to diligently respond to the plaintiffs' grievance that the fire door released asbestos and contaminated their property.
Consequently, the plaintiffs filed an amended complaint against the defendant on May 24, 1994. On July 14, 1994, the Town moved to strike the amended complaint, or in the alternative several counts therein. First, the Town argues that the amended complaint should be stricken in its entirety because the plaintiffs have failed to allege a cause of action under C.G.S. Section 7-465. The Town argues that in order for a plaintiff to sue the Town under Section 7-465, the plaintiff must set forth a separate count against an employee of the Town. The Town argues that since the plaintiffs have failed to set forth a separate cause of action against a Town employee, the amended complaint should be stricken. Second, the Town argues that the entire amended complaint should be stricken as to the plaintiff Robinson because he failed to provide sufficient notice to the Town that he intended to sue as required by Section 7-465. Lastly, the Town moves to strike the first, third, and fifth counts of the amended complaint. The Town argues that the plaintiffs have failed to allege facts sufficient to establish the essential elements of a cause of action for strict liability, breach of contract, and indemnification, respectively.
When considering whether to grant or deny a motion to strike based upon the grounds specified, the "trial court must take the facts to be those as alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). Moreover, the factual allegations of the pleading a party seeks to strike must receive "the same favorable construction a trier would be required to give in admitting evidence under [the allegations], and if the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Mingachos v. CBS,Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Hence, in the present case, the court must assume the truth of the allegations asserted within Robinson's and Deschenes' amended complaint, and if any facts provable under these allegations would support the CT Page 2494 stated causes of action, then the motion to strike must fail. Id.
The Town first moves to strike the amended complaint because the plaintiffs have failed to set forth a separate count against a Town employee, a claim which the Town argues is required in order to bring a cause of action against the Town under General Statutes § 7-465. While the assertion that a separate count must be set forth against an employee in order to bring an action against a Town under Section 7-465 is correct; See Wu v.Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987); the court disagrees with the defendant that the causes of action within the plaintiffs' amended complaint are brought pursuant to Section7-465.
"Towns have no sovereign immunity and are `capable of suing and being sued . . . in an action." (citations omitted.) Murphyv. Ives, 151 Conn. 259, 264, 196 A.2d 596 (1963); see also C.G.S. § 52-557n(a)(1)(A) to (C). Likewise, a municipal employee can be sued individually for acts undertaken as an agent of the employer town. See Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1151 (1989). Thus, a plaintiff, after consideration of the facts surrounding its legal dilemma, may elect to sue the employee of a town, the town itself, or both. C.G.S. § 52-557n.
"The burden rests on the plaintiff to allege a recognizable cause of action in [his] complaint." (Internal quotation marks omitted.) Burns v. Koellmer, 11 Conn. App. 375, 382,527 A.2d 1210 (1987). In the present case, confusion arises because the plaintiffs, in each count of the amended complaint, allege that they provided notice to the Town, in accordance with Connecticut General Statutes § 7-465, that they intended to commence this action against the Town.
Section 7-465 is an indemnification statute. C.G.S. §7-465. "A plaintiff bringing suit under General Statutes §7-465 first must allege in a separate count and prove theemployee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification [under § 7-465]." (Emphasis in original.) Wu v. Fairfield, supra 204 Conn. 438, quoting Sestitov. Groton, 178 Conn. 520, 527, 423 A.2d 165 (1979). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Id. CT Page 2495
A review of the plaintiffs' amended complaint and the return of service, however, demonstrates that they have set forth causes of action against the defendant in strict liability, negligence, breach of contract, fraud, and indemnification. While it is true that each count contains an allegation that the defendant was notified pursuant to C.G.S. Section 7-465 that the plaintiffs intended to sue the defendant, the court is unpersuaded that the inclusion of this allegation mandates that each count must be interpreted as a cause of action under Section 7-465.
Rather, there is more evidence in the amended complaint that the plaintiffs are proceeding against only the Town and not setting forth a cause of action under Section 7-465. For instance, the summons names the Town of Westbrook as the only defendant; the return of service indicates that only the Town of Westbrook was served with a writ and original complaint; and, not one caption listing the cause of action of each count indicates that the plaintiffs are alleging a cause of action under C.G.S. Section 7-465. Therefore, the court denies the defendant's motion to strike the entire amended complaint for failing to state a cause of action under Section 7-465. Furthermore, having concluded that the plaintiffs are not proceeding against the defendant pursuant to Section 7-465, the plaintiff Robinson did not have to provide the Town with notice of the suit pursuant to said section. Therefore, the motion to strike the entire amended complaint as against only the plaintiff Robinson for failing to provide adequate notice as required by Section 7-465 is denied.
In the alternative, the Town moves to strike the first, third, and fifth counts of the amended complaint for failing to allege facts sufficient to set forth the necessary elements of each cause of action. The Town argues that the first count alleging a cause of action for strict liability should be stricken because the plaintiffs have failed to allege the necessary elements of a cause of action for strict liability. In particular, the Town argues that the first count fails to allege that the Town is in the business of selling fire doors; that a sale occurred; that the defect existed at the time of the alleged sale; and that the fire door was expected to and did reach the plaintiffs without a substantial change in condition. The Town argues that each allegation is necessary to set forth a cause of action in strict liability.
A cause of action in strict liability has five essential CT Page 2496 elements. Giglio v. Connecticut Light Power Co., 180 Conn. 230,234, 429 A.2d 486 (1980). "In order to recover under a doctrine of strict liability in tort the plaintiff must provide that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition." Id. A review of the first count reveals that the plaintiffs have failed to allege that the Town is in the business of selling fire doors. Therefore, the defendant's motion to strike the first count is granted.
In describing the meaning of "in the business", the Restatement (Second) Torts states:
 [Strict liability] . . . applies to any person engaged in the business of selling products for use or consumption. . . . It is not necessary that the seller be engaged solely in the business of selling such products. Thus [strict liability] applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in packages to be taken home.
 [Strict liability] does not, however, apply to the seller of food or other such products who is not engaged in that activity as part of his business. Thus it does not apply to the housewife who, on one occasion, sells to her neighbor a jar of jam or a pound of sugar. Nor does it apply to the owner of an automobile who, on one occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it. The basis for [this] rule is the ancient one of the special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products which may endanger the safety of their persons and property, and the forced reliance upon that undertaking on the part of those who purchase such goods. . . .
The first count is void of any allegation that could reasonably be interpreted as alleging that the Town is in the CT Page 2497 business of selling fire doors. Accordingly, without further discussion, the Town's motion to strike the first count is granted.
The Town moves to strike the third count alleging breach of contract. The third count alleges, in addition to the facts recited above, that:
 25. The Defendants and its agents, Ensign-Bickford and Mystic Air Quality made a verbal contract with the Plaintiffs regarding an asbestos clean-up at the Plaintiffs residence, this verbal contract was made with written specifications, (exhibit B). and Plaintiffs Attorney Eric I. B. Beller of New Haven, Connecticut had a written letter to the Defendant regarding Plaintiffs expectation (exhibit C) which would insure the safe reoccupation of the Plaintiffs residence.
 26. After allowing the Defendants agents onto the Plaintiffs residence, the Defendants agents ignored all prior agreements with Plaintiffs, leaving Plaintiffs residence in a hazardous condition.
 27. After a reasonable time, the Plaintiffs notified the Defendants of their agents noncompliance with the written specifications of contract and unprofessional conduct which left Plaintiffs home in a hazardous condition, but the Defendant refused to remedy the nonconformance (exhibit D through D13).
 28. As a direct result of such failure to conform to said contract, the Plaintiffs suffer damage.
The Town argues that the third count fails to allege facts that demonstrate that there was an agreement between the parties. The Town further argues that the plaintiffs have failed to allege that the plaintiffs performed their contractual obligations, or that the Town has breached any agreement.
"`The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages.'"Paglia v. The McCue Mortgage Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 11 44 24 (Aug. 11, 1994, Sylvester, J.) quoting Posner v. Minnesota Mining CT Page 2498Mfg. Co., Inc., 713 F. Sup. 562, 563 (E.D.N.Y. 1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
The third count fails to set forth facts from which the creation of a contract can reasonably be inferred. The plaintiffs allegation that a verbal contract exists is a legal conclusion. The plaintiffs have not set forth the facts and circumstances detailing the creation of the verbal contract. Therefore, the Town's motion to strike the third count is granted.
The Town moves to strike the fifth count alleging a cause of action for indemnification. The fifth count alleges, again in addition to the facts recited above, that:
 32. Within a reasonable time after it was discovered that the Plaintiffs property was not decontaminated of asbestos, Plaintiffs informed Defendant of their agents failure to decontaminate asbestos which came from the Defendants asbestos containing materials, from Plaintiffs property (exhibit D through D11).
 33. Defendant had a duty to undertake whatever was necessary to free Plaintiffs property from Defendants asbestos, to satisfy the requirements of public decency, health and safety.
 34. Defendants refused all request to abate such asbestos contamination.
 35. In the course of the Defendants efforts to secure from loss from the Defendants wrongful conduct, the Defendant refused to abate Plaintiffs property of asbestos contamination unless the Plaintiffs released all claims against the Defendant, Town of Westbrook, its agents, Ensign Bickford and Mystic Air Quality, and any other contractors, etc., for all personal injury and property losses (exhibit G).
 36. As a result of Defendants attempt to protect or insure against loss or damage, because of Defendants wrongful conduct, Plaintiffs have been damaged.
CT Page 2499
The Town argues that the fifth count is a restatement of the second count sounding in negligence. The Town further argues that even if the fifth count is a claim for indemnification, the plaintiffs have failed to set forth any of the elements of an indemnification claim.
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. . . . Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.'" (citations omitted.) Burkert v. PetrolPlus of Naugatuck, Inc., 216 Conn. 65, 579 A.2d 26 (1990). The first element requires the plaintiffs to establish that the other
tortfeasor was negligent. Id. The second element requires the plaintiffs to prove that the defendants negligence was the primary cause of the damages when compared to the plaintiffs' negligence. Id. The plaintiffs have failed to allege that they suffered any damage as a secondary tortfeasor. Nor, understandably, have the plaintiffs alleged that they are a secondary tortfeasor for their own damages. Accordingly, the Town's motion to strike the fifth count is granted.
STANLEY, J.