[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, Interstate Aviation, Inc. ["Interstate"], filed a complaint against the defendants, City of Meriden, John Quine, James Pellegrino, Peter Brandolini and Ralph Blantz, alleging violations of the Connecticut Anti-Trust Act and subversion of the competitive bidding process. At the time of the alleged violations, Quine and Pellegrino were members of the Meriden City Council, and Pellegrino was the Mayor. Brandolini CT Page 5113 and Blantz were employed in the Purchasing Department of the City of Meriden, and Blantz was the chairperson of the Meriden Aviation Commission. The plaintiff was one of the unsuccessful bidders for a Fixed Based Operator ["FBO"] for the Meriden-Markham Airport, owned by the City of Meriden. The successful bidder, Johnnycake Aviation, is a co-defendant.
The defendants have moved for summary judgment, claiming that there is no evidence of any fraud, favoritism or corruption that would thwart the bidding process nor is there evidence of combination or conspiracy in violation of the Connecticut Anti-Trust Act. The defendants also claim governmental and qualified immunity because the actions complained of are discretionary governmental duties imposed by law. Additionally, the defendants claim that despite a proven monopoly, they are entitled to claim a state action exemption.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party." Id. A material fact is one that will make a difference in the outcome of the case.Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
1. Count one: Favoritism, fraud or corruption
"It is a well established principle that [m]unicipal competitive bidding laws are enacted to guard against such evils as favoritism, fraud or corruption in the award of contracts, to secure the best product at the lowest price, and to benefit the taxpayers, not the bidders; they should be construed to accomplish these purposes fairly and reasonably with sole reference to the public interest." (Internal quotation marks omitted.) Spiniello Construction Co. v. Manchester, 189 Conn. 539,543-44, 456 A.2d 1199 (1983). "An honest exercise of discretion by a municipality which has reserved such a right will not be disturbed by the courts so long as its officials observe good faith and accord all bidders just consideration in accordance with the purpose of competitive bidding." Id., 544. "Courts will intervene to prevent the exercise of that discretion CT Page 5114 to deny a bid, therefore, only where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object and integrity of the competitive bidding process is defeated by the conduct of municipal officials." Id. A system which accepts after the fact changes to established bidding procedures undermines the integrity of the entire bidding process. CFL, Inc. v. West Haven, 4 Conn. L. Rptr. 189 (June 7, 1991, O'Neill, J.).
The parties dispute whether the process for awarding the FBO contract was a request for proposal or a request for sealed bids.
The parties agree that there are major differences between the two processes. The defendants agree that a request for proposal encompasses interviews and negotiations, while a request for sealed bids does not. See Defendants' Memorandum in Support of Summary Judgment, p. 15.
If it is determined that the City solicited sealed bids, then Meriden Aviation's submission and the City's acceptance of a conditional bid defeated the object and integrity of the competitive bidding. See Spiniello Construction Co. v.Manchester, supra, 189 Conn. 544-45. The plaintiff has presented evidence supporting its allegation that sealed bids, rather than proposals, were requested. Plaintiff's Memorandum in Opposition to Summary Judgment, Exhibit 1. Because a genuine issue of material fact exists as to which process was requested by the City, the defendants' motion for summary judgment is denied.
2. Count Two: Connecticut Anti-Trust Act
Pursuant to Connecticut General Statutes § 35-26, "[e]very contract, combination, or conspiracy in restraint of any part of trade or commerce is unlawful." Although the defendants discuss the monopoly provisions of the Act, the plaintiff has alleged an unreasonable restraint of trade or commerce, specifically alleging irregularities in the bidding process. See Revised Amended Complaint, count one, paras. 41, 43, 44; count two, para. 37.
General Statutes § 35-26 is "substantially identical" to § 1 of the Sherman Act, so construction of the Connecticut Anti-Trust Act "is aided by reference to judicial opinions interpreting the federal antitrust statutes." Shea v. FirstFederal Savings Loan Assn., 184 Conn. 285, 303, 305,439 A.2d 997 (1981). "For its provisions to apply, two or more `persons' CT Page 5115 must agree to act together." Id., citing United States v. Wise,370 U.S. 405, 82 S.Ct. 1354, 8 L.Ed.2d 590 (1962).
Whether antitrust defendants have engaged in a contract, combination or conspiracy to restrain trade is a question of fact for the jury. Weiss v. York Hospital, 745 F.2d 786 (3d Cir. 1984), cert. denied, 470 U.S. 1060, 105 S.Ct. 1777,84 L.Ed.2d 836 (1985). The pleadings and affidavits have not rendered the facts relevant to these issues as no longer in dispute, and summary judgment as to this count is therefore not applicable.
3. Governmental and qualified immunity.
Municipalities do not have sovereign immunity, and they may sue and be sued as any other natural person. Giannitti v. City ofStamford, 25 Conn. App. 67, 79, 593 A.2d 140 (1991). General Statutes § 52-557n provides immunity to the town in certain circumstances, but it is limited to circumstances concerning the tortious acts of municipal employees.
Even if the doctrine of governmental immunity were applicable, there is a question of fact as to whether the duties at issue are ministerial or discretionary. See Gauvin v. NewHaven, 187 Conn. 180, 184, 445 A.2d 1 (1982) (whether the acts complained of are discretionary or ministerial is a question of fact).
As noted above, there is a threshold question of material fact as to whether the process called for a proposal or a sealed bid. While a request for a proposal would arguably require the exercise of discretionary duties, it appears that a request for a bid (opening the sealed bids and picking the lowest bid) would not. Accordingly, summary judgment on the ground of governmental immunity is denied.
The same point can be made as to the defendants' argument concerning qualified immunity of the individual defendants. The parties agree that the test is one of reasonable belief that their conduct did not violate constitutional or statutory rights of the plaintiff. See Harlow v. Fitzgerald, 457 U.S. 800, 818,102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). However, it is impossible to make this determination until after deciding the threshold question of fact concerning whether the defendants had requested proposals or sealed bids. Accordingly, summary judgment on the ground of qualified immunity is inappropriate. CT Page 5116
4. Notice under General Statutes § 7-465
General Statutes § 7-465 permits an injured plaintiff to directly seek indemnification from a municipal employer. Sanzonev. Board of Police Commissioners, 219 Conn. 179, 193,592 A.2d 912 (1991). The municipality's liability is derivative. Kaye v.Manchester, 20 Conn. App. 439, 443-44, 468 A.2d 459 (1990). "Thus, in a suit under [General Statutes] § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987).
The plaintiff is not attempting to obtain indemnification from the town under General Statutes § 7-465, so notice under that statute is not required. See, LeClaire v. Town of Vernon,2 Conn. L. Rptr. 265, 266 (August 16, 1990, Potter, J.)
Additionally, General Statutes § 7-465 imposes derivative liability on the municipality for "liability imposed upon such employee by law for damages awarded for infringement of anyperson's civil rights or for physical damages to person orproperty." (Emphasis added.) This case involves neither, and the statute is therefore not applicable. The defendants have failed to justify summary judgment based on lack of notice under General Statutes § 7-465.
5. State Action Exception
General Statutes § 35-31(b) states, "Nothing in this chapter shall apply to those activities of any person when said activity is specifically directed or required by a statute of this state, or of the United States." This exception must be strictly construed. Mazzola v. Southern New England TelephoneCo., 169 Conn. 344, 355, 363 A.2d 170 (1975). General Statutes § 35-51(b) has no parallel in the federal antitrust statutes, and "represents a narrowly drawn version of the doctrine of `state action' immunity from antitrust liability articulated by the United States Supreme Court in Parker v. Brown." (Citations omitted.) Id., 359. The federal cases cited by the defendants concern claims brought under federal antitrust statutes, not the narrow Connecticut statute.
In Parker, the court carved out an exemption from Sherman Act CT Page 5117 liability for activities `commanded' or `directed' by a state statute. Id. "Section 35-31 specifically limits that holding by purporting to immunize only activities which are `specifically' required or directed by state or federal statutes." Id. "TheParker doctrine draws a firm line, in short, between activities actually commanded by the state, which are immune from antitrust liability and action merely approved or tolerated." Id., 361.
 General Statutes § 13b-43 provides in relevant part:
 Any municipality . . . may establish, maintain and operate an airport at any location within the state approved by the commissioner and by the municipality or municipalities within which such airport is to be established, and may take any land or interest therein necessary for such establishment at such location upon paying just compensation to the owner of such land or interest therein.
The use of the term "may" does not support the notion that such action is specifically directed or required by statute. SeeCaulkins v. Petrillo, 200 Conn. 713, 717, 513 A.2d 43 (1986). Another significant factor is "that the enabling legislation specifically provides for acquisition of existing competitors."Westport Taxi v. Westport Transit, 1991 CaseBase 4955 (June 28, 1991, Katz, J.) ("The legislature recognized the consequential impairment and destruction to other taxi operators and so gave the transit districts broad powers of eminent domain"). "For immunity to apply, there must be authority to regulate and the city must possess clear delegated authority to suppress competition, however, it is enough if suppression of competition is the foreseeable result of what the statute authorizes." (Citations omitted; internal quotation marks omitted.) Id. Because the statute contemplates the elimination of competitors in exchange for payment, it "very clearly negates any defense claim of entitlement to impunity or immunity." Id. Therefore, the defendants are not entitled to summary judgment on the grounds of the state action exception.
For all of the above reasons, the defendants' motion for summary judgment is denied in toto.
Jonathan E. Silbert, Judge CT Page 5118