[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #102
The plaintiff Celia Pacheco brings this action on behalf of her minor son, Jeffren Suarez, (plaintiff) to recover damages he sustained at the East Farms Elementary School, in Waterbury, CT Page 11543 where a fellow student allegedly injured him. The plaintiff has only named the City of Waterbury(City) as a defendant and complains that his injuries were caused by the agents and employees of the City, but fails to name the individual employees. The plaintiff claims that the City is liable to him under § 7-465 and 7-101a of the Connecticut General Statutes. The defendant City brings this Motion to Dismiss, asserting; that the court lacks subject matter jurisdiction; that it owed no duty to the plaintiff; that it is immune under the doctrine of governmental immunity and; that § 7-465 does not provide legislative authority to sue. Since governmental immunity unlike sovereign immunity does not involve subject matter jurisdiction, this Motion to Dismiss attacking subject matter jurisdiction is improper. "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). "Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded." Westport Taxi Service v. WestportTransit Authority, 4235 Conn. 1, 24, 664 A.2d 719 (1995). The defendant City has only made a claim based on subject matter jurisdiction, therefore the court will not dismiss the complaint.[1]
The other arguments advanced by the City that it owed no duty to the plaintiff and that the it had no obligations under7-465 since the plaintiff has not named any employees as defendants is really a challenge to the legal sufficiency of the complaint. The court will therefor address the City's claim of misjoinder and the nonjoinder of the Board of Education and the individual municipal employees as a Motion to Strike.[2]McCutcheon Burr. Inc. v. Berman, 218 Conn. 512, 590 A.2d 438
(1991); see also Anderson v. Schieffer, 35 Conn. App. 31, 37-38,645 A.2d 549 (1994). "The purpose of the motion to strike is to contest, the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[T]he court is limited to facts alleged in the complaint, CT Page 11544 [which] must be construe[d] most favorably to the plaintiff."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997).
The City, in its memorandum of law, argues that the governmental immunity doctrine shields it from common law negligence claims. It further argues that the plaintiffs failure to allege a statutory exception to the governmental immunity doctrine denies the court subject matter jurisdiction. In response, the plaintiff relies on Purzycki v. Fairfield,244 Conn. 101, 708 A.2d 937 (1998), arguing that a municipality may lose its governmental immunity "where circumstances make it apparent that failure to act is likely to subject an identifiable person to imminent harm." (P. 1. Mem. of Law, 4/21/99, p. 2.) The plaintiff further argues that he has identified a statutory exception to Waterbury's governmental immunity in General Statutes § 7-465.
"[I]it is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function[3]. . . . [A] municipality itself was generally immune from liability for its tortious acts at common law. . . . Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity."[4] (Citations omitted; internal quotation marks omitted.) Williams v. City of New Haven, 243 Conn. 763, 766-67,707 A.2d 1251 (1998). See generally, e.g., General Statutes §13a-149 (municipal liability for property damage or personal injuries caused by defective roads and bridges) and § 52-557n
(general principles of municipal liability and immunity). General Statutes §§ 7-465 and 7-101a also provide for municipal indemnification, under certain circumstances, of its officers, agents and employees on whom liability is imposed for personal injuries caused in the course of their official conduct. Therefore, the governmental immunity doctrine will shield the City from the present common law negligence claim unless the plaintiff has identified a statute limiting or abrogating that immunity.
The plaintiff has failed to identify any such statute in his complaint. Rather, he anchors his common law negligence claim against the City on language contained in § 7-465. See General Statutes § 7-465 (a) ("governmental immunity shall not be a defense in any action brought under this section"). Sections CT Page 115457-465 and 7-101a cannot serve as a basis for the City's direct liability, however, as these are municipal indemnification statutes which do not create a direct cause of action against the municipality. "A plaintiff bringing suit under General Statutes §7-465 first must allege in a separate count and prove theemployee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in original; internal quotation marks omitted.) Wu v. Fairfield, 204 Conn. 435, 438,528 A.2d 364 (1987); see also LeClaire v. Town of Vernon, Superior Court, judicial district of Tolland at Rockville, Docket No. 044254 (August 1, 1990, Potter, J.) ("a complaint brought under Section 7-465 should be in two counts; one alleging facts essential to the legal liability of the employee, and the other facts essential to the legal liability of the municipality under this section"). The municipality's liability is derived from the liability of its employee. Kave v. Manchester, 20 Conn. App. 439,443-44, 568 A.2d 459 (1990). "Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual."Wu v. Fairfield, supra, 204 Conn. 438. The City of Waterbury, however, is the only named defendant in the present action. Reciting an indemnification statute such as §§ 7-465 or 101a cannot serve as a basis on which the City is directly liable for Suarez's injuries, nor, in the absence of a municipal employee or the board of education as defendants, can it overcome the municipality's entitlement to governmental Immunity. For these reasons, the court will Strike the complaint for the failure to state a claim upon which relief may be granted.
PELLEGRINO, (J)