[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #155
On May 29, 1991, while playing softball at Carrigan Field (field), a public park open for use by residents of the city of West Haven (city) and their guests free of charge, the plaintiff, Matthew Luce, alleges that he suffered injuries when he was caused to fall as a result of a depression in the base path near home plate.
On February 10, 1992, the plaintiff filed a three-count complaint against two defendants, the city and Barbara Barry, director of the city's department of parks and recreation at the time that the plaintiff allegedly sustained injury.
On January 31, 2000, the defendants filed the present motion for summary judgment as to each count of the plaintiff's complaint. The parties have submitted opposing memoranda and each has submitted supporting affidavits.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine CT Page 12197 issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
 A Count One — Negligence
In count one, the plaintiff asserts a negligence claim against Barry based upon her alleged failure to properly inspect and maintain the field. The defendants move for summary judgment as to count one on the ground that Barry did not owe the plaintiff a duty of care, arguing that Barry, in her capacity as the director of parks and recreation, was not responsible for the maintenance or inspection of the field. Rather, defendants argue that Barry was responsible for organizing and scheduling recreational activities sponsored by the city. Moreover, the defendants argue that the city's department of public works is responsible for the inspection, maintenance and/or repair of the city's public parks and facilities. Thus, the defendants contend that the plaintiff and Barry did not have a relationship such that any action or omission on the part of Barry could be anticipated to cause injury to the plaintiff
In her affidavit dated January 26, 2000, Barry affirms that as the director of the department of parks and recreation, her responsibilities were to organize and schedule recreational activities sponsored by the city. Barry further affirms that, to her knowledge, the department of public works was responsible for the inspection, maintenance and/or repair of city's parks and facilities. The defendants have also submitted the affidavit of Charles Andreoli, the superintendent of the city's department of public works at the time the plaintiff sustained his injuries. Andreoli affirms that the department of public works is responsible for the inspection, maintenance and/or repair of the field. Andreoli further affirms that there are no written directives within the public works department that mandate the manner or frequency of inspection, maintenance and/or repair of the field. Rather, Andreoli affirms that the methods and means of inspection, maintenance and/or repair of the field is left to the judgment and discretion of the employees of the department of public works. CT Page 12198
In opposition to the motion, the plaintiff argues that there is a genuine issue of fact as to whether Barry, in her capacity as director of the department of parks and recreation, owed him a duty of care. The plaintiff argues that in a 1992 affidavit, Barry affirmed that she was responsible for the supervision of all the city's public parks and recreational facilities. Moreover, the plaintiff contends that paragraph 24 of the Softball Rules and Regulations provides that the department of parks and recreation is the sole judge of whether the fields are playable.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,566-67, 707 A.2d 15 (1998).
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . [T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Citations omitted; internal quotation marks omitted.) Purzyckiv. Fairfield, 244 Conn. 101, 107-08, 708 A.2d 937 (1998).
Municipal employees have a qualified immunity in the performance of a governmental duty. See Purzycki v. Fairfield, supra, 244 Conn. 107-08.[1]
The determination of whether a municipal employee has a qualified immunity in the performance of a governmental duty is a question of law unless there are unresolved factual issues. See id. Moreover, to sustain his negligence action, the plaintiff must establish that the municipal employee owed the plaintiff a duty of care. See Maffucci v. Royal ParkCT Page 12199Ltd. Partnership, supra, 243 Conn. 566. In her 1992 affidavit, Barry affirmed that her responsibilities included the supervision of all public parks and recreational facilities within the city. (See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, Exhibit B, paragraph 5.) In contrast, in her 2000 affidavit, Barry affirmed that she was not responsible for the inspection and maintenance of the city's parks and facilities, but rather, that she as responsible for organizing and scheduling the city's recreational activities. (See Defendant's Memorandum of Law, Exhibit C, paragraph 5.) Because of Barry's conflicting affidavits, the court finds that there is a genuine issue of material fact as to whether Barry, in her capacity as director of the city's department of parks and recreation, had a duty to inspect, maintain and/or repair the field. Therefore, the defendants' motion for summary judgment as to count one is denied.
 B Count Two — Indemnification
In the second count, the plaintiff asserts an indemnification claim against the city based upon the alleged negligence of Barry, a municipal employee, pursuant to General Statutes § 7-465. The defendants move for summary judgment as to count two on the ground that the plaintiff must plead and prove, in a separate count, a that a municipal employee owed and breached a duty of care to the plaintiff. The defendants argue that because the plaintiff is unable to establish that Barry owed him a duty of care, they are entitled to summary judgment on this count. The plaintiff opposes summary judgment as to count two on the ground that there are material issues of fact as to the claims against Barry in count one.
General Statutes § 7-465 (a) provides in relevant part that a municipality "shall pay on behalf of any employee of such municipality . . . all sums which such employees becomes obligated by law for damages awarded . . . for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damage complained of, was acting in the performance of his duties and within the scope of his employment. . . ." The Supreme Court has stated that § 7-465 (a) "effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiff's to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements. . . ." Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 193, 592 A.2d 912 (1991). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the CT Page 12200 individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter ofindividual negligence. . . . Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with the individual." (Citations omitted; emphasis in original; internal quotation marks omitted.) Wu v.Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987).
In a separate count, the plaintiff has alleged that Barry, in her capacity as the director of the city's department of parks and recreation, negligently failed to inspect and maintain the field. SeeKaye v. Manchester, supra, 443-44. Because the defendants' motion for summary judgment is denied as to the plaintiff's negligence claim against Barry, the plaintiff has a viable indemnification claim against the city pursuant to § 7-465. Therefore, the motion for summary judgment as to count two is denied.
 C Count Three — Nuisance
In count three, the plaintiff asserts a nuisance claim against the city with respect to the depression in the field. The defendants move for summary judgment as to count three on the ground that the plaintiff has failed to set forth all of the elements of a nuisance cause of action. The defendants argue that in order to overcome the city's governmental immunity, the plaintiff must show that the defendants, by a positive act, intentionally created the conditions alleged to constitute a nuisance. Defendants argue that they were unaware of the condition which plaintiff alleges was a nuisance and that plaintiff has failed to establish that the city created it by a positive act. The defendants further argue that allowing a facility to deteriorate, even if inspections were made, does not amount to the creation of a nuisance by a positive act.
In opposition to the motion, the plaintiff argues that there is a genuine issue of material fact as to whether the defendants created the dangerous condition on the field. Moreover, the plaintiff argues that his nuisance claim is not based on the city's failure to remedy a condition of its own making, but rather is based on a condition that they created and maintained.
"[The Supreme Court] has previously stated that [a] municipality itself CT Page 12201 was generally immune from liability for its tortious acts at common law. . . ." (Internal quotation marks omitted.) Williams v. New Haven,243 Conn. 763, 766, 707 A.2d 1251 (1998). "The legislature . . . has set forth general principles of municipal liability and immunity in General Statutes § 52-557n." Williams v. New Haven, supra, 767.[2]
"[General Statutes §] 52-557n abrogates the common law rule of governmental immunity and sets forth the circumstances in which a municipality is liable for damages to person and property. These circumstances include . . . acts which constitute the creation or participation in the creation of a nuisance." (Internal quotation marks omitted.) Tryon v. North Branford, 58 Conn. App. 702, 721, ___ A.2d ___ (2000).
"[I]n order to overcome the governmental immunity of municipal defendants where it applies, the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance." (Emphasis added.) Elliott v.Waterbury, 245 Conn. 385, 421, 715 A.2d 27 (1998).[3]
Here, the plaintiff merely alleges that the city, and/or its employees, created a dangerous and unsafe condition, in that the layout of the field resulted in a depression located in the base path near home plate.[4] The party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Witt v. St. Vincent's Medical Center, supra,252 Conn. 368. Here, it seems plaintiff is unable to evidence earlier and different facts to rebut the City's ignorance of the depression and thus, of it's intentional creation. Nor, has plaintiff sought time for further discovery to unearth same. The court must therefore find that the plaintiff failed to present any evidence to demonstrate that the defendants intentionally created the depression by a positive act. SeeElliott v. Waterbury, supra, 421. Therefore, the defendants' motion for summary judgment as to count three is granted.
 II CONCLUSION
Based upon the foregoing, the defendants' motion for summary judgment is denied as to counts one and two and granted as to count three of the plaintiff's complaint.
NADEAU, J.