[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANTS', TOWN OF MIDDLEFIELD AND CHARLES AUGER, MOTION FOR SUMMARY JUDGMENT (#123)
I. Factual and Procedural Background
On September 30, 1999, the plaintiffs, Michael and Patricia Cluney, ppa, Victoria E. Cluney ("the plaintiffs"), filed a revised complaint dated September 29, 1999, against the defendants, the Regional School District No. 13; William D. Breck, Jr., Ph.D., Superintendent of the Board of Education for the Regional School District No. 13; the Regional School District No. 13 Board of Education; Sandra Ryan, Principal of Coginchaug Regional High School; Coginchaug Regional High School; Town of Middlefield ("Middlefield"); Charles Auger, First Selectman of the Town of Middlefield ("Auger"); Brent Manzara; Nancy L. Manzara; and Bruce Manzara. At issue here are counts three and seven of the revised complaint as to Middlefield and Auger. Count three alleges that it is brought pursuant to General Statutes §§ 7-101[1] and 7-465[2] and alleges violation of General Statutes § 10-240[3] and common law negligence. Count seven alleges violation of civil rights under42 U.S.C. § 1983. CT Page 7433
The following facts are alleged: On December 4, 1997, Victoria E. Cluney was advised that she must attend detention on that afternoon, and that the detention would commence at approximately 2:20 p.m. in the detention room. The plaintiffs allege that other students were also scheduled to serve detention that afternoon. They allege that after no teacher or supervisor showed for the detention, the students walked across the street to a baseball field owned and/or controlled by the defendants, Regional School District No. 13, Regional School District No. 13 Board of Education, and/or Middlefield. The plaintiffs allege that Brent Manzara, another student at Coginchaug, raped Victoria E. Cluney at the baseball field.
On January 5, 2000, Middlefield and Auger filed a motion for summary judgment as to counts three and seven of the plaintiffs' revised complaint dated September 29, 1999. Middlefield and Auger argue that they are entitled to summary judgment on count three because the control, management, and supervision of Coginchaug Regional High School is not within their authority or responsibility and because the doctrine of governmental immunity bars the plaintiffs' claims. They argue that they are entitled to summary judgment on count seven because there is no casual relationship between any of their actions or omissions and the plaintiffs' alleged constitutional depravation. The plaintiffs filed an objection, and Middlefield and Auger filed a supplemental memorandum of law in support of their motion.
For the reasons discussed below, Middlefield and Auger's motion for summary judgment is granted as to both counts three and seven of the plaintiffs' revised complaint dated September 29, 1999.
II. Standard of Review
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751-52. "[A] party opposing CT Page 7434 summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. RoyalPark Limited Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiffs claim and involves no triable issue of fact." Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985). The Connecticut Supreme court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
III. Discussion
 Count Three — As to the Town of Middlefield
Middlefield and Auger argue that Middlefield is entitled to summary judgment on count three because the control, management, and supervision of Coginchaug Regional High School is not within its authority or responsibility and because the doctrine of governmental immunity bars the plaintiffs' claims. Count three alleges that it is brought pursuant to General Statutes §§ 7-101 and 7-465 and alleges violation of General Statutes § 10-240 and common law negligence.
"[A] municipality itself was generally immune from liability for its tortious acts at common law; Ryszkiewicz v. New Britain, 193 Conn. 589,593, 479 A.2d 793 (1984). . . . Gordon v. Bridgeport Housing Authority,208 Conn. 161, 165, 544 A.2d 1185 (1988)." (Internal quotation marks omitted.) Williams v. New Haven, 243 Conn. 763, 766, 707 A.2d 1251
(1998). "We have also recognized, however, that governmental immunity may be abrogated by statute." Id. "[T]he general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." Id., 766-67.
"The legislature has acted to limit governmental immunity in certain circumstances. For example, in General Statutes § 13a-149,[4] the legislature has provided for municipal liability for property damage or personal injuries cause by defective roads and bridges. The legislature also has set forth general principles of municipal liability and immunity in General Statutes § 52-557n."[5] Williams v. New Haven, supra,243 Conn. 767. CT Page 7435
"In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct. See General Statutes §§ 7-465 and 7-308." Williams v. New Haven, supra, 243 Conn. 768. "Section 7-465, although entitled `[a]ssumption of liability for damage caused by employees,' imposes no liability upon a municipality for breach of any statutory duty of its own. The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee." (Citations omitted.) Ahernv. New Haven, 190 Conn. 77, 82, 459 A.2d 118 (1983). However, "[a] plaintiff bringing suit under General Statutes [§] 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of individual negligence. . . . Thus, in a suit under [§] 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; internal quotation marks omitted.) Wu, Administrator v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987). "While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." Fraser v. Henninger, 173 Conn. 52, 56, 376 A.3d 406, [376 A.2d 406], (1977). Section7-465 imposes no direct liability upon a municipality, rather it requires the town to indemnify its employee to the extent the employee is found liable for damages caused arising out of that employment. Wu, Administrator v. Fairfield, supra,204 Conn. 438. "The municipality's liability is derivative." Kaye v.Manchester, 20 Conn. App. 439, 444, 568 A.2d 459
(1990).
Count three alleges that it is brought pursuant to §§ 7-101 and 7-465. Count three fails as a matter of law and governmental immunity bars the plaintiffs' claims alleging violation § 10-240 and common law negligence because they failed to allege a statutory right of action that abrogates immunity. Since count three is brought pursuant to § 7-465, the plaintiffs first must have alleged in a separate count and proved an employee's duty to Victoria E. Cluney and the breach thereof. See Wu,Administrator v. Fairfield, supra, 204 Conn. 438. Only then could the plaintiffs go on to allege and prove Middlefield's liability by indemnification. Id. A complaint brought under § 7-465 should be brought in two counts, "the first, alleging the facts essential to the CT Page 7436 legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute." Martyn v.Donlin, 148 Conn. 27, 32, 166 A.2d 856 (1961). The plaintiffs here failed to allege in a separate count that an employee of Middlefield owed a duty to Victoria E. Cluney and breached that duty. The plaintiffs do make allegations against Charles Auger, the First Selectman of the Town of Middlefield. However, the plaintiffs made these allegations in the same count as their indemnification claim against Middlefield, count three. In order to successfully bring the § 7-465 claim against Middlefield, the plaintiffs were required to have alleged in a separate count that Auger, an employee of Middlefield under § 7-465, owed a duty of care to Victoria E. Cluney, and breached that duty owed. Then, in a separate count the plaintiffs could have alleged that Middlefield is liable under § 7-465 by way of indemnity. "In a suit under [§] 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." Wu, Administrator v.Fairfield, supra, 204 Conn. 438. Under the circumstances here, the plaintiffs' indemnification claim against Middlefield fails as a matter of law.
In addition, the plaintiffs have not cited, or relied on, any statute that abrogates Middlefield's governmental immunity. In Williams v. NewHaven, the court held that, "[b]ecause it is clear that a municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. . . . The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant." Williams v.New Haven, supra, 243 Conn. 769. See Rheiner, PPA v. Lefevre, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 541267 (March 12, 1998, Teller, J.) (21 Conn.L.Rptr. 502) (granting summary judgment as to count four alleging common law negligence against the town because it was not brought pursuant to any statute abrogating the immunity afforded the town);Dezso v. First Taxing Dist. of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149817 (March 10, 1998, D'Andrea, J.) (21 Conn.L.Rptr. 482) (finding that the plaintiffs action can not stand because the complaint sounds solely in common law negligence and the plaintiffs failed to invoke any statute that abrogates immunity). Likewise here, governmental immunity is fatal to the plaintiffs' claims.
The plaintiffs do allege violation of General Statutes § 10-240, however, § 10-240 does not create a statutory right of action. Section 10-240 only provides that "[e]ach town shall through its board of education maintain the control of all the public schools within its CT Page 7437 limits and for this purpose shall be a school district and shall have all the powers and duties of school districts, except so far as such powers and duties are inconsistent with the provisions of this chapter. General Statutes § 52-557n, on the other hand, does create a statutory right of action. General Statutes § 52-557n (a) sets forth those circumstances in which municipality may be liable for the acts or omissions of its employees, agents, and officials. Subsection 52-557n (a) (2)(A) excludes municipal liability for intentional misconduct and subsection 52-557n (a)(2)(B) excludes liability for negligent acts or omissions which require the exercise of judgment or discretion. SeeBorchetta v. Brown, 41 Conn. Sup. 420, 421, 580 A.2d 1007 (1990). Accordingly, governmental immunity bars the plaintiffs' claims as to Middlefield alleging violation General Statutes § 10-240 and common law negligence because the plaintiffs failed to allege a statutory right of action that abrogates immunity.
The court notes that since the Supreme Court decision in Williams v.New Haven, supra, 243 Conn. 769, where the court held that a municipality enjoys governmental immunity for common law negligence unless a statute has limited or abrogated that immunity, some superior courts have instead held that failure to allege a statute that limits or abrogates immunity is not necessarily fatal to the plaintiffs' claims. See LaChance v.Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000, Doherty, J.) (finding that although plaintiffs did not expressly mention § 52-557n, in their opposition to the motion to strike, the plaintiffs contend they are seeking liability pursuant to § 52-557n); Doe v. Voluntown Board of Education, Superior Court, judicial district of New London at New London, Docket No. 547823 (October 26, 1999, Hurley, J.) (25 Conn.L.Rptr. 629) (finding that although not cited, the court and the defendants are aware that the plaintiff seeks to impose liability pursuant to § 52-557n by reference to the plaintiff's memorandum in opposition to the defendant's motion to strike); Schon v. Berg, Superior Court, judicial district of Hartford, Docket No. 589083 (September 3, 1999, Booth, J.) (refraining from dismissing action although plaintiff has not specifically plead § 52-557n because in his brief plaintiff clearly claims to be relying on this statute); Anderson v. New London, Superior Court, judicial district of New London at New London, Docket No. 541273 (March 4, 1999,Hurley, J.) (finding that although plaintiff does not cite to any statutory abrogation of governmental immunity in her complaint, the court and the defendant are aware that plaintiff now seeks to impose liability on the defendant under § 52-557n by reference to the plaintiffs memorandum in opposition to motion for summary judgment). All of the cases cited above have one thing in common that makes them distinguishable here; the plaintiffs claim that they are relying on § 52-557n in either their pleadings or briefs. Here, the plaintiffs CT Page 7438 do not cite to § 52-557n, or claim to be relying on § 52-557n in their pleadings or briefs. Since there is no basis upon which the court can infer that the plaintiffs are relying on § 52-557n, the court does not make any such inference. In accordance with Williams v. NewHaven, the court finds that Middlefield enjoys immunity since the plaintiffs have not cited, or relied on, a statute that abrogates immunity. See Williams v. New Haven, supra, 243 Conn. 769.
Count Three — As to Charles Auger, First Selectman of Middlefield
Auger and Middlefield argue that Auger is entitled to summary judgment on count three because the control, management, and supervision of Coginchaug Regional High School is not within his authority or responsibility and because the doctrine of governmental immunity bars the plaintiffs' claims. They argue that Auger's acts were discretionary, and therefore, the plaintiffs' claims are barred. They also argues that Victoria E. Cluney was not an identifiable victim to Auger.
In response, the plaintiffs argue that the control, management and supervision of Coginchaug is within Auger's authority or responsibility. They argue that summary judgment should be denied because the determination of whether Auger's acts were discretionary or ministerial is a question of fact for the jury. They also argue that notwithstanding a finding that Auger's acts were discretionary, Victoria E. Cluney was an identifiable victim, and therefore, an exception to immunity applies.
"[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act."Purzycki v. Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998).
When deciding whether an action is barred by the doctrine of governmental immunity, "the court looks to see whether there is a public or private duty alleged by the plaintiff." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "[I]f the duty which the official authority, imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages." (Internal quotation marks omitted.) Id., 166. "If a public duty exists, an official can be liable only if the act complained of is a ministerial act, or one of the narrow exceptions to discretionary acts applies."[6] Id., 170. CT Page 7439
"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion. . . ." (Internal quotation marks omitted.) Elliott v. Waterbury,245 Conn. 385, 411, 715 A.2d 27 (1998).
The Connecticut Supreme Court has delineated three exceptions to the qualified immunity of a municipal employee where an official can be held liable when performing a discretionary act. "[F]irst, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131
(1989). "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 107-08.
As a matter of law, public duties have been alleged here. In Heigl v.Board of Education, 218 Conn. 1, 8, 587 A.2d 423 (1991), the court found that the board of education's implementation of a policy was a public act because it was for the public benefit. In Heigl, the board of education promulgated an open campus policy under which high school students were permitted to leave campus during unscheduled times. Id., 2. This policy affected all members of the student population in the same manner. Id., 8. The court found that the board was acting for the public benefit and was not discharging an affirmative duty toward an identifiable individual student. Id. In addition, "[t]he Connecticut Superior Court has held that [a] duty to supervise students is a public duty as it affects students generally." (Citations omitted.) Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.); Viens v. Graner, Superior Court, judicial district of New London at New London, Docket No. 524313 (June 28, 1993, Teller, J.). See also Rheiner v. Lefevre, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541267 (March 12, 1998,Teller, J.) (21 Conn.L.Rptr. 502) (physical education teacher was CT Page 7440 required to properly supervise her students; she was engaged in the performance of a public duty). Similarly, here, the alleged duties concern either policies and/or procedures and control and supervision at Coginchaug Regional High School, and therefore, are public duties as a matter of law.
After characterizing an alleged duty as either public or private, whether an act is discretionary or ministerial will often control the issue of liability without regard to whether the duty is ascertained to be public or private. Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170. "The determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." Redfearn v. Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338
(1992). "The act of promulgating a policy . . . is a discretionary activity. A policy, by definition, is a definite course or method of action selected from among alternatives . . . to guide and determine present and future decisions. The fact that a policy is enacted to guide . . . future decisions indicates that the board was engaged in a legislative, and therefore discretionary, activity." (Citations omitted; internal quotation marks omitted.) Heigl v. Board of Education,218 Conn. 1, 5-6, 587 A.2d 423 (1991). In addition, in Heigl, the court stated that the duty to supervise high school students is discretionary. Id., 8. Similarly, here, the alleged duties concern either policies and/or procedures and control and supervision at Coginchaug Regional High School, and therefore, are discretionary as a matter of law.
Since as a matter of law the alleged acts are discretionary, in order to prevail, the plaintiffs' claims must fall within one of the exceptions to qualified governmental immunity for discretionary acts. The plaintiffs' argue that Auger's acts fall within the first exception; where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. Evon v. Andrews, supra, 211 Conn. 505. "We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims."Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). In determining the scope of this exception to governmental immunity, "our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burns v. Board of Education, supra, 228 Conn. 647.
Courts have held that schoolchildren can be identifiable victims because they are statutorily compelled to attend school. Purzycki v.Fairfield, supra, 244 Conn. 108-09; Burns v. Board of Education, supra,228 Conn. 646; Cannato v. Board of Education, Superior Court, judicial CT Page 7441 district of Stamford/Norwalk at Stamford, Docket No. 134260 (May 3, 1999, D'Andrea, J.). In Purzycki v. Fairfield, the court held that the plaintiff/schoolchild was a foreseeable victim to whom the schoolprincipal and the board of education owed a duty of care. (Emphasis added.) Purzycki v. Fairfield, supra, 244 Conn. 109. In Cannato v. Boardof Education, the court denied the a motion to strike as to the defendants' board of education and school principal also finding that the plaintiff/schoolchild was a foreseeable victim owed a duty of care. (Emphasis added.) Cannato v. Board of Education, supra, Superior Court, Docket No. 134260. In Burns v. Board of Education, the court held that the plaintiff/schoolchild was a foreseeable victim to whom thesuperintendent owed a duty of protection in relation to the maintenance and safety of school grounds. (Emphasis added.) Burns v. Board ofEducation, supra, 228 Conn. 648. However, these cases are distinguishable. In these cases, the courts found that the parties who owe a duty of care to schoolchildren include school principals, boards of education, and superintendents of schools. Purzycki v. Fairfield, supra,244 Conn. 108-09; Burns v. Board of Education, supra, 228 Conn. 646;Cannato v. Board of Education, supra, Superior Court, Docket No. 134260. Here, the defendant, Auger, is the first selectman of the town. The court recognizes schoolchildren can be identifiable foreseeable victims because they are statutorily compelled to attend school. However, the plaintiff here, Victoria E. Cluney, was not a foreseeable victim to the defendant here, Auger, the first selectman of the town. "Foreseeability" is the controlling requirement that has not been met here; "the likelihood that harm will result from a failure to act with reasonable care." Burns v.Board of Education, supra, 228 Conn. 647.
"A duty of care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act."Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a special relationship between the plaintiff and the defendant. See W. Prosser, Torts 56 (4th ed. 1971)." (Internal quotation marks omitted.) Burns v.Board of Education, supra, 228 Conn. 646. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." Id., 647. This court refrains from extending to schoolchildren a duty of care owed by a town first selectman for acts concerning either policies and/or procedures and control and supervision at a high school. Accordingly, there is no genuine issue of material fact, and as a matter of law, the identifiable victim exception set forth in Evon v. Andrews, supra, 211 Conn. 505, has not been met. CT Page 7442
 Count Seven — As to the Town of Middlefield and As to Charles Auger, First Selectman of Middlefield
Middlefield and Auger argue that they are entitled to summary judgment on count seven alleging violation of civil rights under42 U.S.C. § 1983 because there is no casual relationship between any of their actions or omissions and the plaintiffs, Victoria E. Cluney, alleged constitutional depravation. Specifically, they claim that they neither promulgated, nor have the authority to promulgate, any policy or custom regarding any aspect of Coginchaug Regional High School. They further claim that the fact that they send their citizens/schoolchildren to Coginchaug Regional High School is not evidence of policy or custom as contemplated by § 1983.
In their revised complaint, the plaintiffs allege that Middlefield and Auger engaged in unconstitutional policies and customs in violation of the equal protection clause of the fourteenth amendment; as a result, the plaintiffs, Victoria E. Cluney, civil rights were violated; and consequently she was raped. They argue that there is a causal connection between the acts and omissions of Middlefield and Auger and the alleged depravation of Victoria E. Cluney's constitutional rights under color of General Statutes §§ 10-184[7] and 10-240.[8]
Title 42 of the United States Code, 1983 provides, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "[T]he `usual' meaning of the word `person' . . . [extends] to municipal corporations."Monell v. New York City Dept. of Social Services, 436 U.S. 658, 688,56 L.Ed.2d 611, 98 S.Ct. 2018 (1978).
"Local governing bodies, therefore, can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."Monell v. New York City Dept. of Social Services, supra, 436 U.S. 690. "[A]lthough the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 `person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental `custom' even though such a custom has not received formal CT Page 7443 approval through the body's official decisionmaking channels." Id., 690-91.
"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether-made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Dept. ofSocial Services, supra, 436 U.S. 694.
However, "[c]ongress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, . . . a municipality cannot be held liable solely because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. New York City Dept. of SocialServices, supra, 436 U.S. 691. "Policies triggering municipal liability may be established by a single decision of one official if that official has the authority to make final policy in that area of the municipality's business. . . . Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority." (Citations omitted.) Columbia v. Sabo, Superior Court. judicial district of Litchfield, Docket No. 060552 (February 2, 1994, Pickett, J.).
Here there exists no genuine issue of material fact that count seven fails to allege a policy or custom that resulted in a depravation of the plaintiffs, Victoria E. Cluney, constitutional rights. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the `moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Board of Commissioners of BryanCounty v. Brown, 520 U.S. 397, 404, 137 L.Ed.2d 626, 117 S.Ct. 1382
(1997). "As we recognized in Monell and have repeatedly reaffirmed, Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights." Id., 415. "Where it is alleged that . . . constitutional rights [have been violated] and such allegations are devoid of any factual content, these allegations are conclusory and are not sufficient to state a claim under42 U.S.C. § 1983. . . . A complaint against a municipality must fail if it appears to have merely attached a conclusory allegation CT Page 7444 of policy to what is in essence a claim based on a . . . unconstitutional act." (Citations omitted; internal quotation marks omitted.) Brimage v. Willis, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 438572 (June 18, 1991, Aronson, J.). Here, there is no genuine issue of material fact that count seven fails as to Middlefield and Auger because there is no evidence to substantiate the plaintiffs' claim that the alleged depravation was attributable to a policy implemented, executed, or officially adopted or promulgated by Middlefield or Auger. Nor is there any evidence to substantiate the claim that Middlefield or Auger engaged in, or caused an engagement in, an unconstitutional custom.
The plaintiffs argue that under color of General Statutes § 10-184, Victoria E. Cluney was compelled to attend Coginchaug Regional High School because she was a citizen of the town of Middlefield and Middlefield mandated that its citizens/schoolchildren attend Coginchaug. They also argue that pursuant to General Statutes § 10-240, Middlefield and Auger owes a duty to the plaintiff, Victoria E. Cluney, to provide adequate supervision, care and control of their citizens attending Coginchaug; to maintain control over the school district; and that they failed to provide a safe school violating Victoria E. Cluney's constitutional rights. These arguments fail to raise a genuine issue of material fact. Section 10-184 of the General Statutes requires parents to send their children to school in accordance with the mandate of the statute. This mandate and the determination that citizens attend a particular public school is not evidence of a policy or custom that resulted in a depravation of the plaintiffs, Victoria E. Cluney, constitutional rights. Section § 10-240 requires towns, through their boards of education, to maintain the control of all the public schools within its limits. This does not necessarily mean that Middlefield or Auger has authority to promulgate policies and/or provide supervision to students, and no facts have been alleged that raise an issue that Middlefield or Auger does have such authority. Many school related duties have been delegated to boards of education: The duty to make policies, General Statutes § 10-221; supervise students, General Statutes § 10-157, Burns v. Board of Education, supra, 228 Conn. 640; employ and terminate teachers, General Statutes § 10-151; and keep a safe school setting, General Statutes § 10-220. See also General Statutes §§ 10-4; 10-220. "[T]he state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns. . . . General Statutes 10-240 provides, in part: `Each town shall through its board of education maintain the control of all the public schools within its limits.' Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits." (Citations omitted.) Cheshire v. McKenney, 182 Conn. 253, 258-59, CT Page 7445438 A.2d 88 (1980). Also, local charters may define and delegate duties to boards of education. See id. 259. Count seven is devoid of facts to substantiate the claim that Middlefield or Auger has the authority to promulgate policies and/or provide supervision to students at Coginchaug Regional High School. Accordingly, there is no genuine issue of material fact and Middlefield and Auger are entitled to summary judgment as a matter of law.
IV. Conclusion
For the foregoing reasons, Middlefield and Auger's motion for summary judgment is granted as to both counts three and seven of the plaintiffs' revised complaint dated September 29, 1999.
It is so ordered.
 By the court Gordon Judge